## THE PENNSYLVANIA RAILROAD COMPANY v. THE NEW JERSEY SOCIETY FOR PREVENTION OF CRUELTY TO ANIMALS.

In an action for a penalty under the thirteenth section of the act for the prevention of cruelty to animals, (*Laws,* 1873, *p.* 13,) an appeal will lie to the Court of Common Pleas. On the appeal, the party aggrieved will be entitled to relief both as to matter of law and matter of fact.

On *certiorari* to Hudson Pleas.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in *certiorari, I. W. Scudder.*

Penna. R. R. Co. v. N. J. Society for Prevention of Cruelty to Animals.

The opinion of the court was delivered by

DEPUE, J.   This was an action of debt for a penalty of $100, under the thirteenth section of the act entitled "An act for the prevention of cruelty to animals." *Laws*, 1873, *p*. 13.

By that section, the offender "shall forfeit and pay such sum, not to exceed one hundred dollars, as the court shall determine, to be sued for and recovered in an action of debt, with costs of suit, by any person or persons, in the name of 'The New Jersey Society for the Prevention of Cruelty to Animals,' before any court of competent jurisdiction in the county where the defendant or defendants reside, or where the offence or offences were committed."

The enforcement of the penalty prescribed in this section is not committed to justices of the peace, as common law magistrates, on proceedings by complaint and conviction. The penalty is to be sued for in an action of debt, before any court of competent jurisdiction.   As was said by Hornblower, C. J., in *Clark* v. *Collins*, 3 *Green* 474, "the action, though penal, is not criminal : it is a civil suit between private parties."   A justice of the peace has power to try the action as a court "of competent jurisdiction," only under the act constituting courts for the trial of small causes.   By the first section of that act, he has jurisdiction over suits of a civil nature, in law, where the debt, balance or other matter in dispute does not exceed, exclusive of costs, the sum or value of $100.   *Rev., p.* 538.   By the fifth section, every sum of money or penalty not exceeding $100, to be sued for and recovered by virtue of any law of the state, in any court of record, or in any court having cognizance thereof, is made cognizable before any justice of the peace, in manner aforesaid.   *Rev., p.* 539.   The power of the justice to entertain jurisdiction in this case was under the section last referred to.

The justice having jurisdiction of the cause in virtue of the act constituting courts for the trial of small causes, the entire conduct of the cause, and all proceedings therein, are regulated by the provisions of that act, except so far as the pro-

ceedings are modified by the statute prescribing the penalty. In conducting the proceedings, the justice, in general, must be governed by the act constituting his court. It was so decided in *Hill* v. *Carter*, 1 *Harr.* 87.

By the seventy-ninth section of the act constituting courts for the trial of small causes, either party may appeal to the Court of Common Pleas, from any judgment of a justice of the peace, except it be given by confession. *Rev.*, *p.* 564. This section was not changed in this respect by the amendatory act of 1876. *Laws*, 1876, *p.* 117. The right to appeal exists in all cases tried and determined by justices of the peace under the act. In *Hill* v. *Carter*, *supra*, which was an action for a penalty under the timber act, the case was tried, upon appeal, in the Court of Common Pleas, and thence removed, by *certiorari*, to the Supreme Court.

The defendant was entitled to an appeal, and the judgment of the pleas dismissing the appeal was erroneous, and should be reversed.

By the ninety-sixth section of the same act, where the justice has jurisdiction and an appeal is given, the only relief of the parties aggrieved is by appeal. *Certiorari* will not lie. On the appeal, the party is entitled to relief both as to matter of law and matter of fact. *Rev.*, *p.* 556.

The writ of *certiorari* which was issued in this case to the justice of the peace, must be dismissed.